**FILED**

**2008 Sep 11 PM 03:50**

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 08-30497 |
| | ) | |
| Andrew M. Robins, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 08-3212 |
| | ) | |
| Daniel M. McDermott, | ) | Hon. Mary Ann Whipple |
| United States Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Andrew M. Robins, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on a Motion for Summary Judgment [Doc. ## 6 & 7] filed by Defendant Andrew M. Robins, proceeding pro se, and the United States Trustee's ("UST") response [Doc. # 8]. Defendant is the debtor in the underlying Chapter 7 bankruptcy case, Case No. 08-30497. In his complaint in this adversary proceeding, the UST alleges that Defendant's Chapter 7 discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(B) and (a)(6)(A). For the reasons that follow,

Defendant's motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant has submitted no affidavits or other evidence in support of his motion but does refer to documents filed in his underlying Chapter 7 case. The court will take judicial notice of the contents of its case docket and the Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it). The UST submits the affidavit of Ericka S. Parker, the Chapter 7 Trustee appointed in Defendant's underlying bankruptcy case. [Doc. # 9].

Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 11, 2008. [Case No. 08-30497, Doc. # 1]. Defendant's bankruptcy schedules show that he owns a 2005 Ford Focus, valued at $8,485, free and clear of any liens. [*Id.*, Schedules B & D]. On Defendant's Schedule C, he claims an exemption in that vehicle under Ohio Revised Code § 2329.66(A)(2) in the amount of $1,000. At the first meeting of creditor's held on April 17, 2008, Parker explained to Defendant that the vehicle is an asset of the bankruptcy estate and that she had moved for turnover of the vehicle, keys and title. [Doc. # 9, ¶ 4]. The court set the motion for turnover for hearing on April 29, 2008, notice of which Defendant received. [*See* Case No. 08-30497, Doc. # 22, 23, 28].[1] Defendant did not appear at the April 29 hearing, and the court issued an order to show cause for failure to appear and set a show cause hearing for May 20, 2008. [*Id.*, Doc. # 32 & 33]. In the show cause order, the court stated that if Debtor failed to appear at the show cause hearing, the court would immediately rule on the motion for turnover of the 2005 Ford Focus. [*Id.*]. On May 20, 2008, appearances were made by Parker and on behalf of the UST, however, Defendant again failed to appear at the scheduled hearing. [*Id.*, Doc. # 45]. On May 21, 2008, the court entered an order for turnover of the vehicle, keys and title by May 30, 2008. [*Id.,* Doc. # 49]. The court's May 21 order was served on Debtor by ordinary mail at the mailing address set forth in his petition. [*Id.*, Doc. # 55].

Although Parker made a demand on the debtor to turn over the vehicle, keys and title to her auctioneer, debtor did not do so and has not turned over the vehicle to date. [Doc. # 9, ¶ 11]. Defendant appealed the turnover order but his appeal has been dismissed for lack of prosecution. [Case No.08-30497,

---

[1] Defendant filed a motion to continue the April 29 hearing; however, his motion was denied on April 24, 2008. [Case No. 08-30497, Doc. ## 28 & 29].

2

Doc. ## 60 & 78].

Although Defendant's underlying bankruptcy case was initially assigned to Judge Richard L. Speer, Chief Judge Marilyn Shea-Stonum reassigned the bankruptcy case to this judge after Judge Speer recused himself. [*See id.*, Doc. # 73, 82, 90].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

### II. Defendant's Motion for Summary Judgment

The UST's complaint seeks an order denying Defendant a discharge under § 727(a)(2)(B) and (a)(6)(A). To prevail on a claim under § 727(a)(2)(B), the UST must prove that Defendant (1) transferred, removed . . . or concealed property of his bankruptcy estate (2) with actual intent to hinder, delay or defraud a creditor or an officer of the estate, and (3) he did so after the petition date. *Sicherman v. Rivera (In re Rivera)*, 338 B.R. 318, 328 (Bankr. N.D. Ohio 2006).

The showing necessary to deny a debtor a discharge under § 727(a)(6)(A) for refusing to obey a lawful order of the court is the same as that for determining whether to hold a party liable for civil contempt. *Yoppolo v. Freeman (In re Freeman)*, 293 B.R. 413, 415 (Bankr. N.D. Ohio 2002); *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be

3

established by clear and convincing evidence: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

In this case, Defendant has presented no evidence that demonstrates the absence of a genuine issue of material fact as to either of the UST's claims. To the extent that he argues that the order for turnover is not a lawful order,[2] his argument is not well taken. An order is lawful if made by a court having subject matter jurisdiction over the case and personal jurisdiction over the party. *Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings."). Defendant does not contest either subject matter or personal jurisdiction and, his appeal having been dismissed, the turnover order is now a final order. He nevertheless relies on the following erroneous contentions, none of which affect the lawfulness of the turnover order

First, he seems to argue that Chief Judge Shea-Stonum's reassignment of Defendant's underlying Chapter 7 case rendered the order for turnover entered by Judge Speer a nullity. There is no basis, either legally or factually, for this argument. The case was reassigned after Judge Speer recused himself upon being named as a party in a separate adversary proceeding filed by Defendant.

Defendant also contends that the turnover order is unlawful because Parker failed to file a corporate ownership statement under Federal Rule of Bankruptcy Procedure 7007.1 regarding her law practice "when she initiated an adversary complaint for turnover" of the 2005 Ford Focus. [Doc. # 6, p. 2]. Such a failure does not render a court's order unlawful. Moreover, Rule 7007.1 requires such a statement only when a corporation is a party to an adversary proceeding. Parker did not commence an adversary proceeding, she filed a motion for turnover, and she filed it as the Chapter 7 Trustee and not on behalf of the Law Offices of Ericka Parker, LLC. Rule 7007.1 is simply inapplicable.

Finally, Defendant argues that the turnover order is unlawful because the court failed to consider the $3,225 exemption in a motor vehicle permitted under 11 U.S.C. § 522(d)(2). However, the exemptions set forth in § 522(d) do not apply where state law specifically does not so authorize. 11 U.S.C. § 522(b)(2).

---

[2] Defendant argues that "the May 29 ruling to which [the UST] alludes is in no way 'lawful.'" [Doc. # 7]. As no order was entered on May 29, the court assumes Defendant is referring to the May 21, 2008, order for turnover.

4

And the Ohio legislature has specifically opted out of the federal exemptions provided in § 522(d).  *See* Ohio Rev. Code § 2329.662.  Therefore, Defendant correctly claimed an exemption in the 2005 Ford Focus in the amount of $1,000 under Ohio Revised Code § 2329.66(A)(2).  Although Defendant is entitled to receive the exempt portion of the vehicle from the sale proceeds after turnover, the court's failure to specifically address that issue in its turnover order does not render the order unlawful.  To the extent that he believed the order should be amended, it was incumbent upon Defendant to either file a timely motion to amend the order  or prosecute his appeal of the order.  Defendant is not entitled to simply ignore the turnover order.

Defendant also argues that the court should grant him summary judgment based on public policy and economic considerations, namely, that he is unemployed and that none of his creditors have objected to his discharge.  A debtor's financial predicament is certainly a factor in determining whether a Chapter 7 discharge is warranted.  *See Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434 (6th Cir. 2004) (explaining that under § 707(b)(3)(B), the court must determine whether the debtor is "needy," that is, whether "his financial predicament warrants the discharge of his debts").  However, a debtor may not enjoy the benefit of a Chapter 7 discharge while avoiding the obligations imposed by the Bankruptcy Code on all Chapter 7 debtors.  Those obligations include, among other things, a debtor surrendering his nonexempt assets to the trustee for liquidation and distribution among his creditors.  *In re Robinson*, 292 B.R. 599, 610 (Bankr. S.D. Ohio 2003).  Section 727 of the Bankruptcy Code sets forth the grounds for denying a Chapter 7 discharge and specifically provides that the United States Trustee, as well as the Chapter 7 Trustee and creditors, may object to the granting of a discharge under that section.  11 U.S.C. § 727(c)(1).

For all of the foregoing reasons, the court concludes that Defendant has failed to show that there are no genuine issues for trial and that he is entitled to judgment as a matter of law.

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. ##6 & 7] be, and hereby is, **DENIED.**

5